Malcolm agt. Hamill.

## N. Y. SUPERIOR COURT.

### JAMES F. MALCOLM agt. HENRY F. HAMILL.

*Costs — Argument on appeal — Costs to be allowed to party for argument in court of appeals, where the case was submitted — Code of Civil Procedure, section 3251 — Meaning of word " argument" as used in this section.*

The word " argument," as used in section 3251 of the Code of Civil Procedure, is not to be construed to mean oral argument alone, but to comprise within its meaning a submission of the reasoning, on which counsel relics, in a printed form as well as by spoken address.

On an appeal to the court of appeals the successful party is entitled to tax sixty dollars for argument, notwithstanding the case was submitted to the court by consent without oral argument.

*Special Term, August,* 1883.

MOTION for retaxation of respondent's costs on appeal to the court of appeals, on the ground that the item of sixty dollars for argument should not have· been allowed, inasmuch as the case was submitted to the court by consent without oral argument.

O'GORMAN, *J.*— The motion papers do not state that printed points were delivered to the court, but from my recollection of the argument of counsel on this motion I assume that such was the case. The question, therefore, is whether the word " argument," as used in section 3251 of the Code, must be understood to mean oral argument alone. The language of some of the rules of the court of appeals, now in force, give some color to that view.

RULE 21. " When a case is called on the calendar, it must be either argued or submitted. If the appellant appears, he may either argue or submit the case."·

The rules of the court of appeals, formerly in force, however, refer to printed arguments :

RULE 14. " Cases not exchanged may be submitted on printed arguments," &c. ( *Voorhiss' Code,* 1877, *p.* 84ᵛ).

Malcolm agt. Hamill.

I see no reason to believe that the difference in phraseology in the more recently adopted rules is other than accidental. Counsel have not been able to furnish me with any authorities bearing on the question, and it must be decided according to the reason of the thing and the general understanding and practice in the professsion.    The intention of the Code (*sec.* 3251), is, no doubt, to provide for the compensation of the attorney for services rendered in the process of the action, and for the labor, devoted by him therein.    The careful preparation of the printed points for submission to an appellate court involves anxious consideration and the laborious research which forms the basis of every argument.    On these printed points counsel often mainly relies as the means of keeping fresh in the memory of the court the reasoning on which he hopes to succeed.    If, by the consent of counsel on both sides, the case is submitted on these printed points alone, it is with the intention that they may stand in place of oral argument, as being sufficient without it.    If the court consent to receive the case and examine it with the aid of these printed points alone, and decide it, it can scarcely be said that the court has decided without argument.    The growth of any practice in the profession which would deprive the court of the great benefit of lucid presentation of the case by "*viva voce*" argument of counsel, would be, I think, injurious both to the bench and the bar ; and such practice should not be encouraged.

On the other hand I cannot say that the submission of a case on printed points alone may not be often a convenient and effective mode of argument, and entitled to as much compensation as if the argument had been spoken and heard, instead of being printed and read.

In my opinion the word "argument" in the section of the Code referred to comprises within its meaning a submission of the reasoning on which counsel relies in a printed form as well as by spoken address.

The motion to retax must, therefore, be denied, with ten dollars costs.